IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KIZZY R. SCOTT                                                               PLAINTIFF

V.                                        NO. 12-3037

MICHAEL J. ASTRUE,[1]
Commissioner of the Social Security Administration                           DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Kizzy R. Scott, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Title II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her applications for DIB and SSI on November 25, 2008, alleging an inability to work since November 30, 2007, due to "Bi polar disorder/back injury." (Tr. 199-205, 240, 249). An administrative hearing was held on March 16, 2010, at which Plaintiff appeared with counsel, and she and her husband and mother testified. (Tr. 61-116).

---

[1] Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

By written decision dated November 9, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - chronic low back pain, mood disorder NOS/bipolar disorder, and personality disorder NOS. (Tr. 45). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 47). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can only occasionally climb, balance, stoop, kneel, crouch, and crawl, she must avoid hazards such as unprotected heights and dangerous moving machinery, and she cannot drive as a part of work. Further, she is limited to work where interpersonal contact is incidental to the work performed, where the complexity of tasks is learned and performed by rote with few variables and little judgment required, and where supervision required is simple, direct, and concrete.

(Tr. 48). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable to perform any past relevant work, but that there were other jobs Plaintiff could perform, such as folding machine operator, potato chip sorter, hand packager, nut sorter, cutter and paster of clippings, and printed circuit assembler. (Tr. 52-53).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on January 18, 2012. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

The Court has reviewed the entire 764 page transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

### III.    Discussion:

Plaintiff raises the following arguments on appeal: 1) The ALJ erred in his understanding of Dr. Hudson's report; 2) The ALJ erred in dismissing Dr. Smith's report; and 3) There is not substantial evidence to support the ALJ's findings. (Doc. 8).

### A.    Dr. Robert Hudson's Report:

On May 7, 2010, Dr. Robert L. Hudson, of Hudson Psychological Service, conducted a Mental Diagnostic Evaluation and Intellectual Assessment.  (Tr. 738-742).  Dr. Hudson noted that Plaintiff was not being treated by a mental health professional at that time.  (Tr. 738). Dr. Hudson gave a provisional DSM-IV diagnosis as follows:

```
Axis I:       Mood Disorder NOS
Axis II:      Personality Disorder NOS (Cluster A most likely)
Axis III:     Defer to physical
Axis V:       GAF 38-48
```

(Tr. 741). Dr. Hudson reported that Plaintiff was limited adaptively by mental/cognitive impairments in that she had the cognitive ability for many jobs but may find it difficult to work around her mental problems, particularly if she had to do so without proper medication or counseling. (Tr. 741). Dr. Hudson also reported that Plaintiff had no significant limitations in communication ability, and that there would appear to be significant mental/cognitive limits on basic work-like tasks, because Plaintiff did not manage behavior well under frustrating circumstances. (Tr. 742). Dr. Hudson further found there would appear to be no significant limits on Plaintiff's ability to attend and sustain concentration, but that she did exhibit limits on persistence in completing tasks. (Tr. 742). He also found there would appear to be no significant limits on completion of tasks in a timely fashion. (Tr. 742). In his Medical Source Statement of Ability to do Work-Related Activities (Mental), Dr. Hudson checked both "moderate" and "marked" restrictions in interacting appropriately with the public, supervisor, co-workers, in responding appropriately to work pressures in a usual work setting, and in responding appropriately to changes in routine work setting. (Tr. 745). In this regard, it is noteworthy that in the ALJ's RFC assessment, he limited Plaintiff to work where interpersonal contact was incidental to the work performed, where the complexity of tasks was learned and performed by rote with few variables and little judgment required, and where supervision required was simple, direct, and concrete.

In his decision, the ALJ addressed Dr. Hudson's assessment as follows:

> In a May 2010 psychological consultative examination report, Robert L. Hudson, Ph.D., reported that the claimant has some difficulty maintaining persistence. However, Dr. Hudson noted no significant limitations in the claimant's ability to sustain attention and concentration, in her ability to maintain an appropriate pace, or in her ability to communicate. Dr.

-5-

> Hudson further reported that the claimant has the cognitive ability for many jobs but that she may have difficulty if she does not get proper treatment and medication (Exhibit 28F).

(Tr. 51). The ALJ found that Dr. Hudson's assessment was substantially consistent with the record as a whole and gave it considerable weight insofar as it was consistent with the RFC. (Tr. 51-52). Contrary to Plaintiff's contention, the ALJ was not "flatly incorrect" in his analysis of Dr. Hudson's assessment. In addition, as the ALJ limited Plaintiff to work where interpersonal contact was incidental to the work performed, where the complexity of tasks was learned and performed by rote with few variables and little judgment required, and where supervision required was simple, direct, and concrete, the mental limitations imposed by Dr. Hudson were accounted for in the ALJ's RFC assessment.

Accordingly, the Court finds Plaintiff's argument on this issue to be without merit, and that the ALJ correctly assessed Dr. Hudson's evaluation and gave it appropriate weight and consideration.

**B.    Dr. Vann Smith's Report:**

Plaintiff argues that the ALJ wrongly discounted Dr. Smith's report. The ALJ discussed Dr. Smith's report as follows:

> Dr. Smith diagnosed the claimant with cognitive dysfunction, mild, nonpsychotic, secondary to general medical condition (Exhibit 4F). According to Dr. Smith, the claimant's mental impairment rendered her "disabled at this time" (Exhibit 9F). However, the results from Dr. Smith's tests are not fully consistent with his diagnosis.
> Dr. Smith administered the Wechsler Adult Intelligence Scale (QAIS), and the claimant scored a verbal IQ of 96, performance IQ of 94, and full scale IQ of 95 (Exhibit 9F). Such test scores do not indicate a cognitive dysfunction which so limits the claimant that she cannot perform basic work activities. Dr. Smith performed a number of other tests and concluded that they showed a pattern of abnormal responses consistent

AO72A
(Rev. 8/82)

>with the presence of mild, diffuse organic brain dysfunction (Exhibit 9F). Those findings are conclusory, however, because his report never explains how the results are abnormal.
>
>...Dr. Smith indicated in a medical source statement that in several areas the claimant was either seriously limited or unable to meet competitive standards, but those findings are not consistent with someone who has a full scale IQ of 95. The medical source statement is also discounted because the claimant continued to engage in some basic work activities through 2007 (Exhibit 3D), even if they did not reach the level of substantial gainful activity. Consequently, the claimant's cognitive dysfunction is also considered a non-severe impairment.

(Tr. 46-47).

Courts have affirmed decisions in which one-time examination reports from Dr. Vann Smith were accorded little weight. See Hudson v. Barnhart, 2005 WL 1560249, *1 (8th Cir. Jul. 6, 2005)("The ALJ gave good reasons for his resolution of the conflict between the mental RFC opinion of Dr. Smith versus those of consulting psychologist Paul Iles and the agency reviewing psychologists"). In Clement v. Barnhart, 2006 WL 1736629 (8th Cir. June 26, 2006), the Eighth Circuit concluded that the ALJ properly discounted the RFC assessment in Dr. Smith's report "after finding it was not supported by his own testing and evaluation, or by other medical evidence in the record, and was inconsistent with Clement's reported daily activities." Id. at *1. District Courts in the Western District of Arkansas have affirmed the ALJ decisions which accorded little weight to Dr. Vann Smith's opinions. See Cole v. Astrue, 2009 WL 3158209, *8 (W.D.Ark. Sept. 29, 2009)(holding that Dr. Smith's opinion was inconsistent with the remaining medical evidence of record); Partee v. Astrue, 2009 WL 2987398, *1 (W.D. Ark. Sept. 14, 2009)(holding that the ALJ clearly recited the evidence of record and why he gave more weight to the findings of Dr. Bunting over that of Dr. Smith); Haarstad v. Astrue, 2009 WL 2324711, *5 (W.D. Ark. July 27, 2009). The court in Cole also found that the ALJ was not biased against

Dr. Smith, but merely pointed out the "inconsistencies within Dr. Smith's assessment and the inconsistencies between Dr. Smith's assessment and the other medical evidence of record." 2009 WL 3158209 at *8, n.1.

The undersigned is of the opinion that the ALJ merely pointed out the "inconsistencies within Dr. Smith's assessment and the inconsistencies between Dr. Smith's assessment and the other medical evidence of record." Id. The Court finds there is substantial evidence to support the ALJ's decision to give Dr. Smith's opinion little weight.

### C. Substantial Evidence:

Plaintiff asserts that his previous arguments support the fact that there was not substantial evidence to support the ALJ's findings. However, based upon the Court's foregoing analysis, as well as the reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's findings.

## IV. Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 20th day of June, 2013.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)